IN THE DISTRICT COURT OF APPEAL
FIRST DISTRICT, STATE OF FLORIDA

TAWA MONTGOMERY,

      Appellant,

v.

STATE OF FLORIDA,

      Appellee.

_____/

NOT FINAL UNTIL TIME EXPIRES TO
FILE MOTION FOR REHEARING AND
DISPOSITION THEREOF IF FILED

CASE NO. 1D17-1990

Opinion filed December 21, 2017.

An appeal from the Circuit Court for Alachua County.
Mark W. Moseley, Judge.

Tawa Montgomery, pro se, Appellant.

Pamela Jo Bondi, Attorney General, and Anne C. Conley, Assistant Attorney General, Tallahassee, for Appellee.

PER CURIAM.

The appellant challenges the denial of his motion for postconviction relief filed pursuant to Florida Rule of Criminal Procedure 3.850. For the reasons discussed below, we affirm the denial of grounds one, two, three and five. However, we reverse and remand the denial of ground four for further proceedings.

The appellant was convicted of being a felon in possession of a firearm after a jury trial and sentenced to 15 years in prison. In ground four of his

postconviction motion, the appellant alleges that he rejected a favorable 3-year plea offer based on counsel's mistaken advice that a 3-year term was the maximum he could receive if he went to trial and was convicted. He alleges that counsel did not tell him that if convicted he faced the possibility of a 15-year sentence.

The appellant's claim is facially sufficient. He properly alleged deficiency when he alleged counsel told him he could receive a maximum sentence of 3 years in prison even if convicted after trial, and failed to advise him of the 15-year statutory maximum he actually faced. He also properly alleged prejudice by alleging that he would have taken that offer, the state would not have withdrawn the offer, the trial court would have accepted it, and his sentence under the plea would have been less severe. See Alcorn v. State, 121 So. 3d 419, 430 (Fla. 2013) (citing Missouri v. Frye, 132 S. Ct. 1399 (2012), which provided that to establish prejudice based upon misadvice in connection with a plea offer, a defendant must allege that "(1) he . . . would have accepted the offer had counsel advised the defendant correctly, (2) the prosecutor would not have withdrawn the offer, (3) the court would have accepted the offer, and (4) the conviction or sentence, or both, under the offer's terms would have been less severe"). Thus, the trial court could only deny the claim without an evidentiary hearing if it is refuted by the record. The trial court rejected the appellant's claim based on a determination that (1) the record indicated the appellant wanted to go to trial and would therefore not have

2

accepted the plea, as evidenced by his assertions of innocence and his request for counsel to investigate the charge, conduct discovery and investigate witnesses, and (2) the court would not have accepted the plea,* as evidenced by the fact that it sentenced the appellant to the maximum term, the appellant had 6 prior felonies, and the trial court stated that felons possessing firearms was a serious crime. We disagree with the trial court's conclusion. Nothing in the record before this Court conclusively demonstrates that the appellant would still have rejected the plea had he been properly informed, or that the trial court would have rejected it. Merely asserting his innocence and asking counsel to investigate and challenge the evidence does not prove that the appellant would have rejected a 3-year plea deal had he been informed of the 15-year sentence he was facing. Likewise, the fact that the trial court imposed the maximum sentence and felt felons possessing a firearm is a serious offense does not prove it would have rejected a 3-year plea deal. Thus, we reverse and remand the denial of ground four for the trial court to attach other portions of the record conclusively demonstrating the appellant is not entitled to relief or to conduct an evidentiary hearing.

AFFIRMED in part, REVERSED and REMANDED in part for further proceedings.

---

* The trial judge who ruled on the postconviction motion was not the same judge who imposed the appellant's sentence.

B.L. THOMAS, C.J., and JAY and M.K. THOMAS, JJ., CONCUR.